[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15057
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00053-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARIYANNA S. LAMPLEY,
a.k.a. Schuyler J. Nickerson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 12, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Ariyanna Lampley appeals her 75-month total sentence, imposed within the advisory guideline range, after pleading guilty to theft of government property, in violation of 18 U.S.C. § 641, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Lampley's 75-month total sentence consists of a 51-month sentence for her conviction under 18 U.S.C. § 641, and a 24-month consecutive sentence for her conviction under 18 U.S.C. § 1028A(a)(1).

On appeal, Lampley argues that the district court erred by enhancing her offense level after finding that the victims of her crimes—who were deceased by the time the offenses began—were vulnerable victims, pursuant to U.S.S.G. § 3A1.1.  However, we find that the enhancement did not affect the total sentence imposed and that the sentence imposed is reasonable.  Thus, even if the district court erred by applying the vulnerable victim enhancement, this does not constitute reversible error.  We affirm the district court.

## I.

Our review of the district court's application of a vulnerable victim enhancement under U.S.S.G § 3A1.1(b) is de novo, "as it presents a mixed question of law and fact."  *United States v. Kapordelis*, 569 F.3d 1291, 1315–16 (11th Cir. 2009).  The vulnerable victim enhancement is found in § 3A1.1(b)(1) of the Sentencing Guidelines, which provides for a two-level enhancement "[i]f the defendant knew or should have known that a victim of the offense was a

2

vulnerable victim."  A "vulnerable victim" is defined as a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."  *Id.* § 3A1.1 cmt. n.2.

Even if the district court erred in applying the § 3A1.1 enhancement, remand is unnecessary if such error did not affect the overall sentence imposed: "it would make no sense to set aside [a] reasonable sentence and send the case back to the district court [where] it has already told us that it would impose exactly the same sentence."  *See United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006). Thus, we assume a guideline error has occurred and then ask if the overall sentence is still reasonable.  *See id.* at 1349.  We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," and deter criminal conduct.  18 U.S.C. § 3553(a).  In imposing a particular sentence, the court must also consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," the kinds of sentences available, the applicable guideline range, and the need to avoid unwarranted sentencing disparities.  *Id.* § 3553(a)(1), (3)–(7).

3

**II.**

Accepting for the purposes of review that the district court erred by applying the enhancement for vulnerable victims, remand is nevertheless unnecessary. *See Keene*, 470 F.3d at 1349–50. The district court stated that it would have imposed the same sentence based on the § 3553(a) factors. Further, Lampley's total sentence of incarceration is substantively reasonable. If the two-level enhancement for vulnerable victims did not apply, Lampley's guideline range would be 41 to 51 months' imprisonment. Therefore, even without the vulnerable victim enhancement, Lampley's 51-month sentence would be within the guideline range and well below the statutory maximum of 10 years, both of which are indicia of its reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (noting that we ordinarily expect a sentence within the guideline range to be reasonable, and a sentence imposed well below the statutory maximum penalty is another indication of its reasonableness).

When the district court stated that it would impose the same sentence, regardless of the applicability of an enhancement, it focused on Lampley's "atrocious" criminal history. By the time Lampley was 32 years' old, she had 27 adult criminal convictions, with many involving fraudulent checks. Lampley's criminal history was an appropriate consideration under the § 3553(a) factors, and the weight given to any factor was within the district court's discretion. *See United*

4

*States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (per curiam) (finding that prior offenses are part of the history of the defendant and are plainly within § 3553(a)(1), which includes the history and characteristics of the defendant); *see also United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (weight given to any particular factor is committed to district court's sound discretion).  Further, the district court demonstrated that it considered the need for deterrence, pursuant to § 3553(a)(2)(B), when it observed that Lampley returned to her fraudulent criminal behavior less than one year after being released following three years in state prison for similar convictions.

Thus, even if the district court erred by applying the § 3A1.1 enhancement, remand is unnecessary, because the error did not affect the overall sentence imposed and that sentence was reasonable.  *See Keene*, 470 F.3d at 1349–50. Accordingly, after review of the record and consideration of the parties' briefs, we affirm Lampley's total sentence of 75 months' imprisonment.

**AFFIRMED.**